## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| MING YANG, Individually and on Behalf of<br>All Others Similarly Situated, | ) | Civil Action No. 2012-054 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIBET PHARMACEUTICALS, INC., HONG<br>YU, TAYLOR Z. GUO, SABRINA Y. REN,<br>WENBO CHEN, YOUHANG PEN,<br>SOLOMON CHEN, ANDERSON &<br>STRUDWICK, INC., STERNE AGEE<br>GROUP, INC., HAYDEN ZOU, and<br>L. MCCARTHY DOWNS III, | ) | |
| | ) | |
| Defendants. | ) | |

ROBIN JOACHIM DARTELL, Individually
And on Behalf of All Others Similarly Situated,        )        Civil Action No. 2012-089

Plaintiffs,

v.

TIBET PHARMACEUTICALS, INC., HONG
YU, TAYLOR Z. GUO, SABRINA Y. REN,
WENBO CHEN, YOUHANG PEN,
SOLOMON CHEN, ANDERSON &
STRUDWICK, INC., STERNE AGEE
GROUP, INC., HAYDEN ZOU,
L. MCCARTHY DOWNS III, and
ACQUAVELLA, CHIARELLI, SHUSTER,
BERKOWER & CO. LLP,

Defendants.

**Attorneys:**
**Joel H. Holt, Esq.,**
St. Croix, U.S.V.I.
**Laurence M. Rosen, Esq.,**
**Phillip Kim, Esq.,**
New York, NY
  *For the Plaintiffs*

**Lisa Michelle Komives, Esq.,**
St. Thomas, U.S.V.I.
**Carl S. Burkhalter, Esq.,**
Birmingham, AL
  *For Defendant Sterne Agee Group, Inc.*

**Gregory H. Hodges, Esq.,**
St. Thomas, U.S.V.I.
**Israel Dahan, Esq.,**
New York, NY
  *For Defendant Hayden Zou*

**A. Neil Hartzell, Esq.,**
Boston, MA
**Christopher Allen Kroblin, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendant L. McCarthy Downs III*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
**Peter Larkin, Esq.,**
**William J. Kelly, Esq.,**
White Plains, NY
  *For Defendant Acquavella, Chiarelli, Shuster, Berkower & Co., LLP*

## <u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on the respective Motions requesting dismissal for improper venue or, in the alternative, transfer, filed by Defendants Sterne Agee Group, Inc.; L. McCarthy Downs III; Acquavella, Chiarelli, Shuster, Berkower & Co. LLP; and Hayden Zou (1:12-cv-00054, Dkt. Nos. 40, 42, 43; 1:12-cv-00089, Dkt. No. 55); Plaintiffs' Opposition to all four Motions (1:12-cv-00054, Dkt. No. 47; 1:12-cv-00089, Dkt. No. 58); Defendants' respective Replies (1:12-cv-00054, Dkt. Nos. 54–57; 1:12-cv-00089, Dkt. Nos. 61–64); and Plaintiffs'

"Notice of Withdrawal of Opposition to Motions to Change Venue and Request to Transfer the Action to the United States District Court for the District of New Jersey" (1:12-cv-00054, Dkt. No. 64; 1:12-cv-00089, Dkt. No. 68).

## I. BACKGROUND

By Complaint filed on May 25, 2012, Plaintiff Ming Yang initiated a federal securities class action lawsuit in the District Court of the Virgin Islands against Tibet Pharmaceuticals, Inc. ("Tibet"), several of Tibet's directors and officers, and various other entities and individuals, alleging improprieties related to Tibet's Initial Public Offering ("IPO"). (1:12-cv-00054, Dkt. No. 1). Plaintiff Robin Joachim Dartell filed a nearly identical class action against Tibet on August 31, 2012. (1:12-cv-00089, Dkt. No. 1). The two cases were consolidated on January 9, 2013 (1:12-cv-00054, Dkt. No. 28; 1:12-cv-00089, Dkt. No. 36) and a "Consolidated Amended Class Action Complaint" was filed on May 1, 2013 (1:12-cv-00054, Dkt. No. 37; 1:12-cv-00089, Dkt. No. 50).

The other named Defendants are Anderson & Strudwick, Inc. (A&S), a corporation that allegedly underwrote Tibet's IPO (1:12-cv-00054, Dkt. No. 37 at ¶¶ 2, 32); Sterne Agee Group, Inc. ("SAG"), a financial holding company that allegedly acquired A&S and assumed all of its assets and liabilities (*id.* at ¶ 33); L. McCarthy Downs ("Downs") and Hayden Zou ("Zou"), both of whom allegedly served A&S as designated observers to Tibet's Board of Directors in connection with the IPO (*id.* at ¶¶ 35–36); and Acquavella, Chiarelli, Shuster, Berkower & Co. LLP ("Acquavella"), an accounting firm that allegedly produced an audit opinion that was used in Tibet's registration statement and prospectus for the IPO (*id.* at ¶¶ 38–39).

Tibet is allegedly a British Virgin Islands corporation with its principal place of business in China. (1:12-cv-00054, Dkt. No. 47 at 2). Tibet, its named directors and officers, and A&S have never appeared in this action.

SAG is a Delaware Corporation with its principal place of business in Alabama. (1:12-cv-00054, Dkt. No. 12-2; Dkt. No. 37 at ¶ 33). Zou is a resident of China. (1:12-cv-00089, Dkt. No. 50 at ¶ 36; Dkt. No. 54 at 4). Acquavella is a limited liability partnership formed under the laws of New Jersey with offices in both New Jersey and New York. (1:12-cv-00089, Dkt. No. 50 at ¶ 38; Dkt. No. 56-2 at 124). Downs' citizenship has not been alleged.

On June 17, 2013, the four Defendants that have appeared in this action—SAG, Zou, Acquavella, and Downs (collectively "Movants"), filed their respective Motions requesting dismissal for improper venue or, in the alternative, transfer. (1:12-cv-00054, Dkt. Nos. 40, 42 & 43; 1:12-cv-00089, Dkt. No. 55). Plaintiffs opposed the Motions, arguing that venue in the District of the Virgin Islands is proper, but that if the Court finds otherwise, the action should be transferred to the District of New Jersey rather than dismissed. (1:12-cv-00054, Dkt. No. 47; 1:12-cv-00089, Dkt. No. 58).

All of the Movants noted in their Reply briefs that they would not object to transferring the action to the District of New Jersey if the Court does not dismiss the action. (1:12-cv-00054, Dkt. No. 54 at 8; Dkt. No. 55 at 4; Dkt. No. 56 at 4 n.4; Dkt. No. 57 at 4). On February 18, 2014, Plaintiffs filed a "Notice of Withdrawal of Opposition to Motions to Change Venue and Request to Transfer the Action to the United States District Court for the District of New Jersey" ("Notice of Withdrawal"), in which they maintained their position that venue in the District of the Virgin Islands is proper, but withdrew their opposition to transfer, and requested that the Court transfer

the action to the District of New Jersey. (1:12-cv-00054, Dkt. No. 64; 1:12-cv-00089, Dkt. No. 68).

## II. DISCUSSION

In their respective papers, the Movants argue that the Court should dismiss the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), but in the alternative, they do not object to a transfer to the District of New Jersey if the Court does not dismiss the action. In their Notice of Withdrawal, Plaintiffs request that the Court transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

As explained below, even assuming, *arguendo*, that the District of the Virgin Islands is an improper forum for this action, dismissal would be inappropriate and the Court would order the action transferred. For the reasons that follow, the Court will grant in part and deny in part Defendants' Motions and transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## A.   28 U.S.C. § 1406(a)

Pursuant to 28 U.S.C. § 1406(a), if a case is filed "laying venue in the wrong division or district," then the district court shall either dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, dismissal would likely preclude Plaintiffs from litigating their claim in any forum, given that the statute of limitations is one year from "discovery of the untrue statement or omission." 15 U.S.C. § 77m.

The Supreme Court has acknowledged that the preservation of a claim errantly filed in an improper forum—that would be precluded under the applicable statute of limitations if

dismissed—is one of section 1406(a)'s "interest of justice" rationales supporting transfer over dismissal:

> When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a) recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). The *Goldlawr* Court further noted that "[t]he problem which gave rise to the enactment of [§ 1406(a)] was that of avoiding the injustice which had often resulted to Plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466.

Plaintiffs argue that venue is proper in the District of the Virgin Islands with regard to all Defendants under the co-conspirator theory of venue because it is proper with regard to Tibet, as a non-resident. *See* 28 U.S.C. § 1391(c)(3) ("[A] defendant not resident in the United States may be sued in any judicial district . . . ."). Plaintiffs brought the suit in the District of the Virgin Islands because it is "the district that is closest to Tibet's domicile"—the British Virgin Islands. (See 1:12-cv-00054, Dkt. No. 47 at 2).

Even assuming, *arguendo*, that Movants are correct and that venue in the District of the Virgin Islands is improper, Plaintiffs' rationale for filing in this district is the kind of "uncertaint[y] of proper venue" or "erroneous guess with regard to . . . elusive [venue] facts" that should not preclude Plaintiffs from having their claims heard in a proper venue. *Goldlawr*, 369

U.S. at 466. To hold otherwise would be to discard the "interest of justice" rationale underlying section 1406(a) transfers.

Thus, if the Court were to find that venue in the District of the Virgin Islands is improper, the Court would transfer the action, in the interest of justice, rather than dismiss it. Accordingly, the Court will deny Defendants' Motions to the extent that they request dismissal for improper venue.

## B.      28 U.S.C. § 1404(a)

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). With regard to the convenience of the parties, the convenience of the witnesses, and the interest of justice, the Third Circuit has noted several factors which "may be relevant to transfer of venue" under section 1404(a):

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

*In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995)).

Plaintiffs argue in their Notice of Withdrawal that:

> The District of New Jersey is a suitable venue because it is the location of the headquarters of Acquavella, the defendant audit firm who audited Tibet's financial statements included in its offering material. The District of New Jersey is also in close proximity to Lead Counsel for Plaintiffs and the Class, who

maintains an office in the District of New Jersey, and is within the Third Circuit, where the action is currently pending.

In their respective replies in further support of their Venue Motions, all of the Movants stated that they would not object to transferring the Action to the District of New Jersey.

(1:12-cv-00054, Dkt. No. 68 at 3).

Upon consideration of the relevant factors listed above—particularly the plaintiffs' and defendants' forum choices, and the inconvenience to the parties and witnesses of litigating in the District of the Virgin Islands, given its remote location—the Court finds that transferring the action to the District of New Jersey would be "[f]or for the convenience of the parties and witnesses" and "in the interest of justice" under section 1404(a). Further, as noted, all of the parties that have appeared in this action consent to transfer to the District of New Jersey. Accordingly, the Court will grant Defendants' Motions, to the extent that they request transfer, and will transfer this action to the District of New Jersey.

### III. Conclusion

For the foregoing reasons, the Court will not dismiss this action for improper venue, but will transfer the action to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED**.

Date: May 1, 2014

_____/s/_____
WILMA A. LEWIS
Chief Judge